BOUTALL, Judge.
This is an appeal from a judgment of the trial court which dismissed plaintiffs suit for damages for personal injuries, based on a finding that she failed to prove her claim by a preponderance of evidence.
*374 The petition alleges an injury to her back received by plaintiff-appellant Lilion M. Williams while she was riding home in a taxi driven by defendant-appellee Tommie Morris and operated under the company name of Morrison’s Cab Service. Plaintiff alleges that during the course of the journey in the taxi she was thrown to the floor of the rear of the. taxi when the driver swerved to miss a turning auto on Airline Highway. Plaintiff further alleges that the driver had been driving recklessly and that the taxi was speeding at the time of the swerving maneuver. It is her contention that had the taxi’s rate of speed not been excessive, the driver could have avoided the turning vehicle without suddenly swerving and thus preventing the plaintiff from being hurled onto the floor of the taxi.
To support her contention that she was injured while riding in the defendants’ taxi, plaintiff offered the testimony of her daughter and a neighbor. Jackie Ratcliff, plaintiff’s daughter, testified that she was at home when she saw a cab driver helping her mother out of the taxi. He told her she had fallen from the seat to the floor. She noted that the taxi was a Morrison Cab, but that defendant Tommie Morris was not the driver.
The plaintiff’s neighbor, Roosevelt Charles, testified that he saw the plaintiff get out of the taxi in a manner that gave the appearance that the plaintiff was injured. As for the identity of the cab or the driver, Charles could only testify that he thought the taxi was a black Chevrolet.
The plaintiff testified that immediately upon entering her home she noted on a paper napkin the number of the taxi, which she claimed to be # 1024, and the vehicle license and the driver’s name on the side of the taxi. At the trial the plaintiff did not produce the napkin with the license number on it, although she could recall the name on the side of the taxi to be Tommie Morris, and that the number on the taxi itself was 1024. However, she testified positively that defendant Tommie Morris was not the driver of the taxi.
The defendant, Tommie Morris, testified that on the night of the accident he did in fact own two taxis, neither of which was a Chevrolet, and that on the night in question the taxis were operated by him and another driver, not a party to the suit. The defendant testified further that the certificate numbers of the taxis were 1025 and 1611, not 1024 as claimed by the plaintiff to be the certificate number of the taxi in which she was injured and denied that a suggested license plate was on his cabs. On the night of the alleged accident, Morris was driving taxi number 1611 and he had no knowledge of an accident or incident from the rental taxi.
We have related the testimony above because of the trial judge’s finding of no preponderance of evidence. Insofar as defendant Tommie Morris is concerned, all of the testimony shows he was not the driver of the taxi as alleged in the petition. However as to the other defendants, there could be liability either vicariously or as insuror. If plaintiff’s evidence is true, there should be judgment against Morrison Cab Service, Nola Cabs, Inc. and Reserve Insurance Company. Disbelief of- this evidence results in dismissal of all defendants. The issue here is not the usual one of negligence of the public carrier, but whether plaintiff was a passenger in this particular public carrier.
Plaintiff urges the application of the rule governing the liability of a common carrier as set forth in the case of Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). The court in Wise said:
“The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case.” (Citations of authorities omitted.)
Our case poses an issue prior to the application of that rule. Plaintiff here is required to establish the identity of the public conveyance and must do this by a preponderance of the evidence under the usual rule applicable to plaintiffs as set forth in the case of Boudreaux v. American *375 Insurance Company, 262 La. 721, 264 So.2d 621 (1972):
“Preponderance in law means credibility, influence, and weight and not the number of witnesses. Wilson v. Morris, La.App., 139 So.2d 93, cert. denied.
“By a preponderance of evidence is meant, simply, evidence which is of greater weight, or more convincing, than that which is offered in opposition to it; that is, evidence which as a whole shows that the fact or causation sought to be proved is more probable than not. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395; Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646.” (Emphasis added)
The testimony offered by plaintiffs witness is obviously contrary to the allegations of the petition as to the identity of the driver of the taxi, and is vague in part and incorrect in part as to the identity of the vehicle. The record supports a conclusion that the testimony is not credible and that plaintiff has not proven her claim by a preponderance of the evidence.
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.

AFFIRMED.